## IN THE CIRCUIT COURT OF THE TENTH
## JUDICIAL CIRCUIT PEORIA COUNTY, ILLINOIS

WILLIAM DORRINGTON, )
)
Plaintiff, )
vs. )  Case: 14-MR-610
)
THE BOARD OF EDUCATION )  Serve by Peoria County Sheriff
OF PRINCEVILLE COMMUNITY )
UNIT SCHOOL DISTRICT 326 )
a body corporate and public, and )
THE PRINCEVILLE UNIT DISTRICT )
326 EDUCATION ASSOCIATION, )
)
Defendants, )

### 30 DAY SUMMONS

TO DEFENDANT: Darin Cowser, President, Princeville Community Unit School Dist 326
ADDRESS: 909 N. Town Ave., Princeville, IL 61559

You are hereby summoned and required to file a written answer in this case, or otherwise file your written entry of appearance, in the office of the Clerk of this Court, (located in Peoria County Courthouse, Peoria, Illinois) within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS: _____10-6_____, 2014

_____Robert M Spears_____
CLERK OF COURT

BY: _____C_____
DEPUTY

JIM ROCHFORD & ASSOCIATES
124 SW Adams, Ste. 430
Peoria, IL 61602
Telephone: 309/637-5322  Fax: 309/637-5346
Attorney #1612



EXHIBIT A

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

WILLIAM DORRINGTON )
 )
 )
Petitioner, )
 )
vs. ) CASE NUMBER: 14MR610
 )
THE BOARD OF EDUCATION )
OF PRINCEVILLE COMMUNITY )
UNIT SCHOOL DISTRICT NO. 326, )
a body corporate and public, )
and )
THE PRINCEVILLE UNIT DISTRICT )
326 EDUCATION ASSOCIATION, )
 )
Respondents. )

### Petition for Writ of Mandamus and Preliminary Injunction

NOW COMES the Petitioner, WILLIAM DORRINGTON, by and through his attorneys, JIM ROCHFORD AND ASSOCIATES, who, states and complains against Respondent, THE BOARD OF EDUCATION OF PRINCEVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 326, a body corporate and public, and PRINCEVILLE UNIT DISTRICT #326 EDUCATION ASSOCIATION as follows:

*Count 1: Writ of Mandamus*
*§ 735 ILCS 5/14-101 et. seq..*

1) All or part of the underlying transaction or occurrence took place in Peoria County, Illinois.

2) Respondent is a body corporate and public organized pursuant to the provisions of the Illinois School Code (§ 105 ILCS 5/1-1 et. seq.) and operates a public school system in a defined geographic region within Peoria County, Illinois.

3) Petitioner was hired by Respondent in 1987 as a teacher at the Princeville High School until 1997, and then as a teacher at Princeville Junior High School. At all times relevant to the allegations of this Complaint, both parties were bound by the terms and conditions of the 2011-2014 Professional Agreement between Princeville Unit District #326 and Princeville     Unit     District     #326     Education     Association.

1

(the "Agreement") which set forth the terms of Petitioner's employment with Respondent as a teacher of Princeville Junior High School. A written copy of the Agreement is attached and incorporated herein as "Exhibit A."

4) The Respondent under the terms and conditions of the Agreement as well as under 105 ILCS 5/24-12 owed Petitioner, as well as all other teachers, a duty to:
   a. categorize each teacher "into one or more positions for which the teacher is qualified to hold, based upon legal qualifications and any other qualifications established in a district or joint agreement job description, on or before the May 10 prior to the school year during which the sequence of dismissal is determined. Within each position and subject to agreements made by the joint committee on honorable dismissals that are authorized by subsection (c) of this Section, the school district or joint agreement must establish 4 groupings of teachers qualified to hold the position as follows:
      i. Grouping one shall consist of each teacher who is not in contractual continued service and who (i) has not received a performance evaluation rating, (ii) is employed for one school term or less to replace a teacher on leave, or (iii) is employed on a part-time basis. "Part-time basis" for the purposes of this subsection (b) means a teacher who is employed to teach less than a full-day, teacher workload or less than 5 days of the normal student attendance week, unless otherwise provided for in a collective bargaining agreement between the district and the exclusive representative of the district's teachers. For the purposes of this Section, a teacher (A) who is employed as a full-time teacher but who actually teaches or is otherwise present and participating in the district's educational program for less than a school term or (B) who, in the immediately previous school term, was employed on a full-time basis and actually taught or was otherwise present and participated in the district's educational program for 120 days or more is not considered employed on a part-time basis.
      ii. Grouping 2 shall consist of each teacher with a Needs Improvement or Unsatisfactory performance evaluation rating on either of the teacher's last 2 performance evaluation ratings.
      iii. Grouping 3 shall consist of each teacher with a performance evaluation rating of at least Satisfactory or Proficient on both of the teacher's last 2 performance evaluation ratings, if 2 ratings are available, or on the teacher's last performance evaluation rating, if only one rating is available, unless the teacher qualifies for placement into grouping 4.
      iv. Grouping 4 shall consist of each teacher whose last 2 performance evaluation ratings are Excellent and each teacher with 2 Excellent performance evaluation ratings out of the teacher's last 3 performance evaluation ratings with a third rating of Satisfactory or Proficient;"
   b. To dismiss teachers, among teachers qualified to hold a position in the order of their groupings "with teachers in grouping one dismissed first and teachers in grouping 4 dismissed last;"

6) On or about April 30, 2012 through May 1, 2013, Petitioner began receiving evaluations in the basic, or 2 category, and only after the wife of a school board Vice President, Mrs. Streitmatter complained about his use of clips the movie, Amistad, in discussing Civil War topics with his students.

7) Notwithstanding the foregoing, Petitioner continued performing his job in a competent manner and addressed any perceived criticism such that he received a proficient, or 3, rating on November 4, 2013.

8) At all times relevant herein and upon information and belief, Respondent failed to convene the joint committee in December of 2013 to determine any criteria upon which a teacher could be moved from a category 3 to a category 2.

9) On or about April 14, 2014, Respondent notified Petitioner that he would be laid off under the reduction in force provisions of the School Code and laid him off. The Notice is attached and incorporated hereto as "Exhibit B."

10) Petitioner again, without just cause, received a 2 category evaluation on May 1, 2014 and after being dismissed.

11) The aforementioned evaluations and termination and/or intentional manipulation of the RIF procedures against Petitioner by Respondent was in bad faith and arbitrary and capricious.

12) Petitioner has exhausted all administrative remedies available to his prior to bringing this suit.

WHEREFORE, Petitioner, WILLIAM DORRINGTON, by and through his attorneys, JIM ROCHFORD AND ASSOCIATES, prays this Honorable Court grant the relief requested herein and issue a Writ of Mandamus directing the Respondent, BOARD OF EDUCATION OF PRINCEVILLE COMMUNITY UNIT SCHOOL DISTRICT #326, its agents and officers, to reinstate Petitioner as teacher of PRINCEVILLE JUNIOR HIGH SCHOOL pursuant to the terms and conditions of the Agreement as well as the Illinois School Code, and for such other relief as may be just and proper.

<u>Count 2: *LABOR MANAGEMENT RELATIONS ACT § 301 CLAIM FOR INJUNCTIVE RELIEF*</u>

<u>*WILLIAM DORRINGTON v. PRINCEVILLE UNIT DISTRICT #326 BOARD OF EDUCATION*</u>

1. This Court has subject matter jurisdiction over the afore-captioned matter as a court of original jurisdiction under Article VI, Section 9 of the Illinois Constitution.

2. This Court has personal jurisdiction over Respondent. Respondent is a Unit School District generally located in Peoria County, State of Illinois pursuant to the Illinois School Code. 105 ILCS 5/1-1 et. seq.

3. Venue is proper under 735 ILCS 5/2-101 and 2-103 the Respondent is a public, municipal, governmental or quasi-municipal entity with its principal office residing within the boundaries of Peoria County, Illinois and all or a substantial part of the underlying events and omissions giving rise to the claim occurred within the boundaries of the Peoria County, Illinois.

4. Respondent operates in an industry affecting commerce.

5. At all relevant times, Respondent had entered into a fully negotiated Collective Bargaining Agreement with the PRINCEVILLE UNIT DISTRICT #326 EDUCATIONAL ASSOCIATION, on behalf of all of its bargaining members, including Petitioner.

6. Under the terms and conditions of said Agreement, Petitioner could not be terminated from his position outside the terms and conditions of the 2011-2014 Professional Agreement between Princeville Unit District #326 and Princeville Unit District #326 Education Association. (the "Agreement") and the Illinois School Code.

7. The Respondent under the terms and conditions of the Agreement as well as under 105 ILCS 5/24-12 owed Petitioner, as well as all other teachers, a duty to:

   a. categorize each teacher "into one or more positions for which the teacher is qualified to hold, based upon legal qualifications and any other qualifications established in a district or joint agreement job description, on or before the May

5

10 prior to the school year during which the sequence of dismissal is determined. Within each position and subject to agreements made by the joint committee on honorable dismissals that are authorized by subsection (c) of this Section, the school district or joint agreement must establish 4 groupings of teachers qualified to hold the position as follows:

    i. Grouping one shall consist of each teacher who is not in contractual continued service and who (i) has not received a performance evaluation rating, (ii) is employed for one school term or less to replace a teacher on leave, or (iii) is employed on a part-time basis. "Part-time basis" for the purposes of this subsection (b) means a teacher who is employed to teach less than a full-day, teacher workload or less than 5 days of the normal student attendance week, unless otherwise provided for in a collective bargaining agreement between the district and the exclusive representative of the district's teachers. For the purposes of this Section, a teacher (A) who is employed as a full-time teacher but who actually teaches or is otherwise present and participating in the district's educational program for less than a school term or (B) who, in the immediately previous school term, was employed on a full-time basis and actually taught or was otherwise present and participated in the district's educational program for 120 days or more is not considered employed on a part-time basis.

    ii. Grouping 2 shall consist of each teacher with a Needs Improvement or Unsatisfactory performance evaluation rating on either of the teacher's last 2 performance evaluation ratings.

    iii. Grouping 3 shall consist of each teacher with a performance evaluation rating of at least Satisfactory or Proficient on both of the teacher's last 2 performance evaluation ratings, if 2 ratings are available, or on the teacher's last performance evaluation rating, if only one rating is available, unless the teacher qualifies for placement into grouping 4.

    iv. Grouping 4 shall consist of each teacher whose last 2 performance evaluation ratings are Excellent and each teacher with 2 Excellent performance evaluation ratings out of the teacher's last 3 performance evaluation ratings with a third rating of Satisfactory or Proficient;"

b. To dismiss teachers, among teachers qualified to hold a position in the order of their groupings "with teachers in grouping one dismissed first and teachers in grouping 4 dismissed last;"

c. When dismissing teachers, "[w]ithin grouping one, the sequence of dismissal must be at the discretion of the school district or joint agreement. Within grouping 2, the sequence of dismissal must be based upon average performance evaluation ratings, with the teacher or teachers with the lowest average performance evaluation rating dismissed first. A teacher's average performance evaluation rating must be calculated using the average of the teacher's last 2 performance evaluation ratings, if 2 ratings are available, or the teacher's last performance evaluation rating, if only one rating is available, using the following numerical values: 4 for Excellent; 3 for Proficient or Satisfactory; 2 for Needs Improvement; and 1 for Unsatisfactory. As between or among teachers in grouping 2 with the same average performance evaluation rating and within each of groupings 3 and

4. the teacher or teachers with the shorter length of continuing service with the school district or joint agreement must be dismissed first unless an alternative method of determining the sequence of dismissal is established in a collective bargaining agreement or contract between the board and a professional faculty members' organization;"

d. To "in consultation with any exclusive employee representatives, each year establish a sequence of honorable dismissal list categorized by positions and the groupings defined in this subsection (b). Copies of the list showing each teacher by name and categorized by positions and the groupings defined in this subsection (b) must be distributed to the exclusive bargaining representative at least 75 days before the end of the school term, provided that the school district or joint agreement may, with notice to any exclusive employee representatives, move teachers from grouping one into another grouping during the period of time from 75 days until 45 days before the end of the school term. Each year, each board shall also establish, in consultation with any exclusive employee representatives, a list showing the length of continuing service of each teacher who is qualified to hold any such positions, unless an alternative method of determining a sequence of dismissal is established as provided for in this Section, in which case a list must be made in accordance with the alternative method. Copies of the list must be distributed to the exclusive employee representative at least 75 days before the end of the school term."

e. In the event a teacher is laid off for reduction in force and a vacancy subsequently becomes open, to tender such vacancy to the laid off teacher beginning with those teachers in the 3 or 4 category, and then to the teachers in the 2 category.

f. Under the Agreement, Respondent had a duty to, by December 1, 2011, "form a joint committee to address the changes in RIF procedures as outlined in the School Code. This committee will have equal representation from the District and PUDEA. The District participants will be appointed by the Superintendent and the PUDEA participants will be appointed by the PUDEA Exec. Committee."

g. Under the guidelines set forth by the RIF joint committee and upon information and belief, to meet before December of each respective year to determine criteria for moving a teacher from a 3 to a 2.

8. At all times relevant, Petitioner performed his duties for the Respondent in a generally satisfactory manner and generally received excellent evaluations prior to April 30, 2012.

9. On or about April 30, 2012 through May 1, 2013, Petitioner began receiving evaluations in the basic, or 2 category, and only after the wife of a school Vice President, Mrs. Streitmatter, complained about his use of clips the movie, Amistad, in discussing Civil War topics with his students.

10. Notwithstanding the foregoing, Petitioner continued performing his job in a competent manner and addressed any perceived criticism such that he received a proficient, or 3, rating on November 4, 2013.

11. At all times relevant herein and upon information and belief, Respondent failed to convene the joint committee in December of 2013 to determine any criteria upon which a teacher could be moved from a category 3 to a category 2.

12. On or about April 14, 2014, Respondent notified Petitioner that he would be laid off under the reduction in force provisions of the School Code and laid him off. The Notice is attached and incorporated hereto as "Exhibit B."

13. Petitioner again, without just cause, received a 2 category evaluation on May 1, 2014 and after being terminated

14. The aforementioned evaluations and termination and/or intentional manipulation of the RIF procedures against Petitioner by Respondent violated both the Agreement and the School Code, was in bad faith and arbitrary and capricious.

15. Petitioner exhausted his administrative remedies by attempting to file a grievance through Princeville Unit District #326 Education Association which was denied on or about April 4, 2014.

16. As a direct and proximate result of Respondent's breach of the collective bargaining agreement, Petitioner has been and continues to irreparably damaged.

17. No adequate remedy exists at law to make Petitioner whole.

18. Petitioner requests a waiver of bond in the above-captioned matter.

WHEREFORE, Petitioner, WILLIAM DORRINGTON, by and through his attorneys, JIM ROCHFORD AND ASSOCIATES, prays this Honorable Court grant the relief requested herein and issue a Preliminary Injunction directing the Respondent, BOARD OF EDUCATION OF PRINCEVILLE COMMUNITY UNIT SCHOOL DISTRICT #326, its agents and officers, to reinstate Petitioner as teacher of PRINCEVILLE JUNIOR HIGH SCHOOL pursuant to the terms

and conditions of the Agreement as well as the Illinois School Code until such time as this matter may be heard on its merits, and for such other relief as may be just and proper.

### Count 3: CLAIM FOR INJUNCTIVE RELIEF UNDER 735 ILCS 5/11-102

### WILLIAM DORRINGTON v. PRINCEVILLE UNIT DISTRICT #326 EDUCATION ASSOCIATION

1. This Court has subject matter jurisdiction over the afore-captioned matter as a court of original jurisdiction under Article VI, Section 9 of the Illinois Constitution.

2. This Court has personal jurisdiction over Respondent. Respondent is a union generally located in Peoria County, State of Illinois pursuant to the Illinois School Code. 105 ILCS 5/1-1 et. seq.

3. Venue is proper under 735 ILCS 5/2-101 and 2-103 the Respondent is a public, municipal, governmental or quasi-municipal entity with its principal office residing within the boundaries of Peoria County, Illinois and all or a substantial part of the underlying events and omissions giving rise to the claim occurred within the boundaries of the Peoria County, Illinois.

4. Respondent operates in an industry affecting commerce.

5. At all relevant times, Respondent had exclusive responsibility and duty of representing all bargaining members, including Petitioner, with respect to a fully negotiated Collective Bargaining Agreement with PRINCEVILLE COMMUNITY UNIT SCHOOL DISTRICT #326.

6. As a part of its aforementioned duty, Respondent had an obligation to fairly represent Petitioner, including a duty to properly represent Petitioner's interest during all grievance and arbitration proceedings.

7. Respondent breached its aforementioned duty by failing to fairly represent Petitioner by initiating a grievance with PRINCEVILLE COMMUNITY UNIT SCHOOL DISTRICT #326 on or about April 4, 2014.

18. As a direct and proximate result of Respondent's breach of the collective bargaining agreement, Petitioner has been and continues to irreparably damaged.

19. No adequate remedy exists at law to make Petitioner whole.

20. Petitioner requests a waiver of bond in the above-captioned matter.

WHEREFORE, Petitioner, WILLIAM DORRINGTON, by and through his attorneys, JIM ROCHFORD AND ASSOCIATES, prays this Honorable Court grant the relief requested herein and issue a Preliminary Injunction directing the Respondent, PRINCEVILLE UNIT DISTRICT #326 EDUCATION ASSOCIATION, its agents and officers, to fairly represent Petitioner with respect to his grievance to be reinstated as teacher of PRINCEVILLE JUNIOR HIGH SCHOOL pursuant to the terms and conditions of the Agreement as well as the Illinois School Code until such time as this matter may be heard on its merits, and for such other relief as may be just and proper.

Date: September 23, 2014

Respectfully Submitted,

_____
Attorney for Jim Rochford and Associates

JIM ROCHFORD & ASSOCIATES LAW FIRM
124 SW Adams Street, Suite 430
Peoria, Illinois 61602
Telephone (309) 637-5322
Facsimile (309) 637-5346
E-Mail: drochford@rochfordlaw.com
Attorney #1612

10

STATE OF ILLINOIS      )
                       ) SS.
COUNTY OF PEORIA       )

I, WILLIAM DORRINGTON, being first duly sworn on oath, deposes and states that I am the Petitioner in the above captioned matter, that I have read the foregoing document, and the answers made herein are true, correct and complete to the best of my knowledge and belief.

*William Dorrington*
WILLIAM DORRINGTON

Subscribed and sworn to before me this
23 day of September, 2014

*Debra J Rochford*
Notary Public

OFFICIAL SEAL
DEBRA J ROCHFORD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/22/16

11